**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ROBERTO SEGOVIA-BENITEZ, | No.  19-70743 |
| Petitioner, | Agency No. A039-834-147 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020**

Before:  THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Jose Roberto Segovia-Benitez, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his motions to

terminate, and his applications for cancellation of removal, asylum, withholding of

removal, relief under the Convention Against Torture ("CAT"), and for a waiver of

---

   *   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

inadmissibility under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Segovia-Benitez's motions to terminate. His contention that the agency lacked jurisdiction over his proceedings under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 889 (9th Cir. 2020). The record does not support his contention that he is a national of the United States. *See* 8 U.S.C. 1101(a)(22). The agency did not err in requiring Segovia-Benitez to secure an affirmative statement from the DHS confirming his prima facie eligibility to naturalize before terminating his proceedings under 8 C.F.R. § 1239.2(f). *See Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 934 (9th Cir. 2007); *Matter of Hidalgo*, 24 I. & N. Dec. 103, 105-06 (BIA 2007). And Segovia-Benitez has waived his contention regarding *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

We lack jurisdiction to consider Segovia-Benitez's unexhausted contentions

regarding asylum and withholding of removal. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). His contention that the BIA applied the wrong standard in reviewing the IJ's denial of withholding of removal is not supported.

Substantial evidence supports the agency's denial of deferral of removal under the CAT because Segovia-Benitez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Segovia-Benitez has not raised, and therefore waives, any challenge to the agency's determination that he is ineligible for a section 212(h) waiver of inadmissibility because he failed to show extreme hardship to his qualifying relatives. *See Lopez-Vasquez*, 706 F.3d at 1079-80. Because this determination is dispositive, we do not address Segovia-Benitez's additional contentions regarding the 212(h) waiver.

We do not address Segovia-Benitez contention regarding cancellation of removal, because he has waived any challenge to the agency's dispositive determination that *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) did not undermine its aggravated felony determinations. *See id.*; *see also Toro-Romero v. Ashcroft*, 382 F.3d 930, 937 (9th Cir. 2004) (to be eligible for cancellation of removal for certain lawful permanent residents, an applicant must not have been convicted of an aggravated felony).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**